UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN L. McCOY,

    Plaintiff,                        Civil Action No. 21-11739
v.                                      Honorable Denise Page Hood

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION [#19] AND DISMISSING ACTION

This matter is before the Court on Magistrate Judge Jonathan J.C. Grey's Report and Recommendation. **[ECF No. 19]** Timely objections and a response to the objections were filed. **[ECF Nos. 20 and 22]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at

1

397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff has lodged three objections to the Report and Recommendation.

OBJECTION No. 1: Plaintiff contends that the ALJ and Magistrate Judge erred when concluding that Plaintiff's impairment does not meet or medically equal Listing 1.04A. In essence, Plaintiff argues that the failure to consider Plaintiff's obesity when assessing his back impairment precluded a finding, and wholly discounted objective medical evidence, of an underlying medical condition of such severity that it reasonably could have been expected to produce disabling back pain, as alleged. Plaintiff also insists that the effects of his back pain, even if the effects did not meet all of the critical criteria of the listing at every medical examination, equaled the effects of the listed limitations from the rare medical condition (epidural lipmatosis) with which he suffered.

The Court is not persuaded by Plaintiff's argument. Plaintiff does not expressly identify how the Magistrate Judge erred; rather, Plaintiff makes conclusory statements that the Magistrate Judge (and the ALJ) failed to consider

2

certain evidence, in particular, Plaintiff's obesity. The Court finds, however, that the ALJ detailed the reasons for his conclusion that Plaintiff's impairments did not meet the criteria of Listing 1.04A, and the Magistrate Judge correctly concluded that there was substantial evidence to support the ALJ's determination. Plaintiff states that the reduction of his obesity (after the relevant period) by 30 pounds increased his ability to stand and work, which "proves the effect of obesity on back pain." ECF No. 20, PageID.1131. Plaintiff cites no authority to support that statement, nor does he identify any medical records or opinions that Plaintiff's obesity, in part or in itself, contributed to back pain at a level that equaled the effects of the listed limitations from the rare condition with which he suffered.

In reviewing the ALJ's decision (and the Report and Recommendation), the Court does not find that the ALJ or the Magistrate Judge "wholly discounted objective medical evidence" of his conditions. The Court does find that there is substantial evidence to support the ALJ's determination that Plaintiff did not suffer from a severe impairment, especially as Plaintiff fails to show motor loss, an ongoing basis of sensory/reflex loss, or positive leg raising. Even with respect to the one instance when Plaintiff tested positive in both legs when seeing Dr. Geoghegan in 2018, Dr. Geoghegan found that Plaintiff did not require the use of an assistive device and that Plaintiff's sensory function and reflexes were intact, present and symmetrical. For these reasons, the Court concludes that Plaintiff has

failed to demonstrate that his impairment meets all of the specified medical criteria for Listing 1.04A, as is required for his impairment to qualify. *See, e.g., Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).   The Court denies Plaintiff's first objection.

OBJECTION No. 2:  Plaintiff contends that the ALJ did not comply with SSR 96-8p when failing to recognize the severity of Plaintiff's obesity when considering Plaintiff's residual functional capacity ("RFC").  The Court disagrees. First, the Court notes that the ALJ specifically addressed the issue of Plaintiff's obesity during his step two analysis when concluding that it had no more than minimal impact on Plaintiff's ability to work.  Second, the Court finds that the Magistrate Judge squarely addressed this issue in the Report and Recommendation after Plaintiff made the same argument in his motion for summary judgment, *see* ECF No. 19, PageID.1121-22,  and the Court agrees with and adopts the Magistrate Judge's analysis and conclusions.  Third, Plaintiff does not offer or cite in his objection any medical opinions to support his contention that the ALJ did comply with SSR 96-8p.  Accordingly, the Court denies Plaintiff's second objection.

OBJECTION No. 3:  Plaintiff asserts that the ALJ and the Magistrate Judge failed to give sufficient weight to the medical opinion of his treating physician, Dr. Moses Muzquiz, M.D.  Dr. Muzquiz was Plaintiff's primary treating physician for nearly three years before giving his Medical Source Statement on January 4, 2017.

The Court finds that the ALJ adopted parts of Dr. Muzquiz's opinion, including limiting him to sedentary work.  The ALJ properly discounted Dr. Muzquiz's opinion, even specifying what was being discounted and why, including Plaintiff's conservative treatment and how that undermines the need for some of the restrictions or accommodations suggested by Dr. Muzquiz.  Most significantly, as the Magistrate Judge noted, Dr. Muzquiz indicated that Plaintiff would "[n]ever" be "likely to be absent from work or unable to complete an 8-hour work day as a result of the impairments and/or the need for ongoing and periodic medical treatment and care for them." ECF No. 10-7, PageID.430.  For these reasons, the Court denies Plaintiff's third objection.

In conclusion, as always, the "fundamental question [for this Court] . . . is whether the ALJ's decision is supported by substantial evidence[.]" *Dykes ex re. Brymer v. Barnhart*, 112 F. App'x 463, 467-68 (6th Cir. 2004).  For the reasons set forth above, the Court finds that the ALJ's decision, including but not limited to the determinations that Plaintiff challenges in his objections, was supported by substantial evidence and was not based on any legally erroneous determination. The Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Jonathan J.C. Grey **[ECF No. 19, filed February 27, 2023]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[ECF No. 20, filed March 9, 2023]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[ECF No. 12, filed March 17, 2022]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[ECF No. 16, filed June 14, 2022]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

DATED: April 28, 2023

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge